**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| SMARTRENT TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>Defendants. | Court No. 26-04336 |

**COMPLAINT**

Plaintiff, SmartRent Technologies, Inc., by its undersigned attorney, alleges and states the following:

1. Plaintiff is an importer of goods into the United States of America and challenges the assessment of certain duties ("IEEPA Tariffs") upon its imported merchandise.

2. Beginning in February 2025, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq*., as authority to impose tariffs ("IEEPA Duties") on goods imported from foreign countries throughout the world, including countries from which Plaintiff sources its imports.

3. Plaintiff is the importer of record of merchandise subject to the IEEPA Duties and paid the IEEPA Duties on its imported goods.

4. This Court, the U.S. Court of Appeals for the Federal Circuit and the U.S. Supreme Court all held that IEEPA does not authorize these tariffs, because the President of the United States' power to "regulate importation" does not include the power to impose tariffs. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025), *aff'd in relevant part sub nom*. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *aff'd sub nom*. *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026).

5. Plaintiff asks the Court to hold that, with respect to goods imported by Plaintiff, the IEEPA Duties collected by Defendants, and the underlying executive orders that imposed them, are unlawful.

6. This separate action is necessary because, even though the IEEPA Duties and underlying executive orders have been held to be unlawful by the Supreme Court, importers, including Plaintiff, that have paid IEEPA duties are not guaranteed a refund for those unlawfully collected tariffs in the absence of their own judgment from this Court to the extent they do not otherwise qualify for the Consolidated Administration and Processing of Entries ("CAPE"). *See In re Tariffs Collected in Reliance on IEEPA*, No. 26-00219, Order at 2–4 (Ct. Int'l Trade July 17, 2026); *See also* Opening Brief for Appellants at 1, *V.O.S. Selections, Inc. v. United States*, Nos. 2026-1895, -1897, & -1899 (Fed. Cir. Aug. 10, 2026) (clearly opposing the CIT's order in *Atmus Filtration* to the extent that an entry is final and instead noting "importers who have not yet brought suits are free to do so within the statute of limitations.").

7. Accordingly, Plaintiff seeks (i) a declaration that the IEEPA Duties are unlawful; (ii) a full refund, with interest as required by law, from Defendants of all

IEEPA Duties Plaintiff has paid to the United States, regardless of whether or not those entries have been liquidated.

**PARTIES**

8. Plaintiff is an importer of various goods on which IEEPA Duties were paid.

9. Defendant United States imposed and received the disputed IEEPA Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(a), (i).

10. Defendant United States Customs and Border Protection ("CBP") is the United States agency that administers and collects duties on imports. CBP collected payments made by Plaintiff of the IEEPA Duties.

11. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

12. Defendants are referred to collectively in this Complaint as the ("Defendants").

**JURISDICTION AND STANDING**

13. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i). 28 U.S.C. § 1581(i); *see also V.O.S. Selections*, *Inc.*, 772 F. Supp. 3d at 1365-66.

14. Mindful of the requirement to file timely protests for entries with IEEPA tariffs that were final, as pointed out by Judge Richard Eaton in his *Atmus* Order, Plaintiff filed administrative appeals (protests). *See Atmus Filtration*, Order Dated April 1, 2026, ECF No. 52 (stating "Considering that no resolution has been reached with respect to the reliquidation, by way of CAPE, of entries for which liquidation has become final, importers should be aware of the remedies available under 19 U.S.C. § 1514 (Protest

against decisions of Customs Service)"); *see also* Declaration of Brandon Lord ¶¶ 2, 16, *Atmus Filtration, Inc. v. United States*, Court No. 26-01259 (Ct. Int'l Trade Mar. 6, 2026), ECF No. 31 (noting that CBP could not automatically remove IEEPA tariffs where liquidation occurred on or prior to December 5, 2025 [at the time 90 days after liquidation - absent an importer of record's protest or a court order]).

15. In the Declaration of Brandon Lord filed in *Atmus Filtration, Inc.* on March 6, 2026, he also notes in paragraph 16 that CBP only has "statutory authority to reliquidate the entry within 90 days of the original liquidation to fix any errors in the liquidation." *See id.* ¶ 2.

16. For entries that were final (beyond CBP's 90-day voluntary reliquidation period) and were not otherwise eligible for a refund under CAPE, Plaintiff filed protests under 19 U.S.C. § 1514 and 19 C.F.R. § 174.12, requested accelerated disposition under 19 USC § 1515(b) and 19 CFR § 174.22, and was granted a deemed denial by law; therefore, Plaintiff also asserts concurrent or alternative jurisdiction under 28 U.S.C. § 1581(a).

a. Plaintiff filed protests for all transactions that were beyond 80 days of liquidation (CAPE Phase 1 deadline), but less than 180 days beyond liquidation (statute of limitations for filing protests). The protests were filed on July 16, 2026.

b. A request for accelerated disposition was sent through the United States Postal Service by certified mail, return receipt requested, on July 17, 2026.

c. No action was taken by the CBP on the request for accelerated disposition, so on August 17, 2026, the protests were deemed denied under 19 USC § 1515(b) and 19 CFR § 174.22.

17. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, "including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition." 28 U.S.C. §§ 2643(a)(1), (c)(1).

18. Plaintiff has standing to sue because it is "contesting the denial of a protest." 28 U.S.C. § 2631(a).

19. In the alternative, Plaintiff has standing to sue because it is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702; *see also* 28 U.S.C. § 2631(i). Specifically, IEEPA Duties (Tariffs) imposed by Defendants adversely affected and aggrieved Plaintiff because, as importer of record, it was required to pay and did pay these unlawful duties.

20. Plaintiff also faces potential irreparable harm due to uncertainty as to whether Defendants will issue refunds of the IEEPA Duties as to liquidated entries beyond 80 days (CAPE Phase 1), based on the Order issued by this Court on July 17, 2026. *See In re Tariffs Collected in Reliance on IEEPA*, No. 26-00219, Order at 2–4 (Ct. Int'l Trade July 17, 2026); *see also* Opening Brief for Appellants at 1-5, *V.O.S. Selections, Inc. v. United States*, Nos. 2026-1895, -1897, & -1899 (Fed. Cir. Aug. 10, 2026).

21. An order from this Court compelling CBP to reliquidate any entries that contained IEEPA tariffs, and issue refunds for said tariffs, with interest, would redress those injuries.

22. The Government has also made it clear they will issue refunds if they are ordered by this Court to do so. *See AGS Company Automotive Solutions v. U.S. Customs and Border Protection*, Consol. Court No. 25-00255, Slip Op. 25-154, at 3-4 (Ct. Int'l

Trade Dec. 15, 2025) (implying they will not issue refunds unless ordered to do so by the United States Court of International Trade); *See also* Opening Brief for Appellants, *V.O.S. Selections, Inc. v. United States*, Nos. 2026-1895, -1897 & -1899, at 1 (Fed. Cir. Aug. 10, 2026).

23. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). President Trump issued Executive Orders that resulted in the collection of IEEPA Duties on February 1, 2025. These Orders were published in the Federal Register shortly thereafter. The instant action is filed within two years of the date that these or subsequent Orders were issued and published, and also within two years in which Plaintiff first paid these IEEPA Duties. *See* n.1 (herein). Therefore, this action is timely commenced.

24. A plaintiff must commence an action under 28 U.S.C. § 1581(a) "within one hundred and eighty days after the date of denial of a protest by operation of law…." 28 U.S.C. § 2636(a). The deemed denial date for the entries covered by this Complaint was August 17, 2026, therefore, this action is timely commenced.

## GENERAL PLEADINGS

25. On February 1, 2025, President Donald Trump began issuing executive orders imposing tariffs on countries from around the world, known as "Trafficking," "Reciprocal" and "Global" IEEPA tariffs, premised on IEEPA authorizing the tariffs.[1]

[1] *See* Exec. Order No. 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across our Northern Border*, (Feb. 1, 2025), 90 Fed. Reg. 9113 (Feb 7, 2025); *See also* Exec. Order No. 14194 (Feb. 1, 2025), *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb. 7, 2025); *See also* Exec. Order No. 14195 (Feb. 1, 2025), *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121 (Feb. 7, 2025); *See also* Exec. Order No. 14200 (Feb. 5, 2025), *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); *See also* Exec. Order No. 14228 (Mar. 3, 2025), *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China,* , 90 Fed. Reg. 11,463 (Mar. 7, 2025); *See also* Exec. Order No. 14257 (Apr. 2, 2025),

26. All of the tariffs noted in the prior paragraph (n. 1, herein), are similar to each other, in that they were imposed under IEEPA, regardless of the country of origin of the import or the "emergency" that they were intended to address.

27. In implementing the Executive-Order-based tariff regime, the Defendant directed changes to the Harmonized Tariff Schedule of the United States, requiring goods subject to the challenged tariffs to be entered under new tariff codes. *See Harmonized Tariff Schedule of the United States*, U.S. Int'l Trade Comm'n, Chapter 99.

28. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, Inc., No. 25-cv-00066, ECF No. 2. This Court, the Court of Appeals for the Federal Circuit and the Supreme Court held the IEEPA tariff orders were unlawful. *See V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025), *aff'd in relevant part sub nom. V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *aff'd sub nom. Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026).

29. By this Complaint, Plaintiff challenges those orders (the "IEEPA Tariff Orders") that affect the duty rates on goods imported from the countries with which Plaintiff does business and for which Plaintiff paid duties (thus causing Plaintiff injury), and which the Supreme Court of the United States has already held to be unlawful.

---

*Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025) (imposing a 10% base line reciprocal tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9); *See also* Exec. Order No. 14259 (Apr. 8, 2025), *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025). *See also* Exec. Order No. 14266 (Apr. 9, 2025), *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 15, 2025); *See also Venezuelan Oil Secondary Tariffs*, Executive Order 14245 (Mar. 27, 2025), 90 FR 13829 (Mar. 28, 2026).

30. CBP is charged with the assessment and collection of duties. 19 U.S.C. § 1500 *et seq.*

31. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs, including the prior collected IEEPA Duties, on the imported goods based upon the tariff classification of the goods, including the origin of the goods, according to the rates established by the Harmonized Tariff Schedule of the United States ("HTSUS"). 19 U.S.C. § 1202; *see also* 19 U.S.C. §1500 *et seq*.

32. Importers of Record (Importers) have the responsibility to declare duties due on a record of "entry" (CBP Form 3461) and pay the duty prior to the goods being released from the port of entry. *See* 19 U.S.C. § 1485; s*ee also* 19 C.F.R. § 142.3.

33. CBP then has a statutory period to review the entry to determine its correctness. *See* 19 U.S.C. § 1504. Once CBP completes their review, which generally takes 314 days, CBP "liquidates" the entry and notifies the importer of record as to the final appraisement, final classification and the final amount of duty to be paid on the imported merchandise, including any additional duties, taxes or fees due. *See* 19 U.S.C. § 1500.

34. If CBP fails to liquidate a transaction and does not otherwise extend the period of liquidation, it shall be deemed liquidated one year from the date of entry. *See* 19 U.S.C. § 1504(a).

35. Upon liquidation, if the CBP's determination is protestable, the importer of record has 180 days to file a protest challenging the liquidation. 19 U.S.C. § 1514(c)(3); *see also* 19 C.F.R. § 174.12(e).

36. The Court of Appeals for the Federal Circuit has cautioned that generally an importer may lack the legal right to recover refunds of duties for entries that have

liquidated, even where the underlying legality of a tariff is later found to be unlawful, unless a court exercises their equitable powers to order a reliquidation. *See Target Corp. v. United States*, 134 F.4th 1307, 1316-17 (Fed. Cir. 2025).

37. While this Court had the equitable authority to suspend liquidation pending the outcome of the *V.O.S. Selections, Inc.* and *Learning Resources*, they held that no such injunction was required, based on the assurance of the Government (the Defendants in this matter) that they would acquiesce to the CBP being ordered to reliquidate Plaintiffs' entries even if the statutory period for protest had expired. *See AGS Co. Automotive Solutions v. U.S. Customs and Border Protection, Consol*. Ct. No. 25-0255, Slip Op. 25-154, at 8 (Ct. Int'l Trade, Dec. 15, 2025).

38. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 et seq., the National Emergencies Act, 50 U.S.C. § 1601 et seq., section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301 for authority to impose tariffs. *E.g*. Exec. Order No. 14194 (Feb. 1, 2025), *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117 (Feb. 7, 2025).

39. Defendants relied solely on the IEEPA statute to impose and collect the IEEPA Duties. *Cf. V.O.S. Selections, Inc.* 149 F.4th at 1318-19.

40. Plaintiff's imports were subject to IEEPA Duties when they entered the United States under new HTSUS codes.

41. Plaintiff paid IEEPA duties imposed by the IEEPA Tariff Orders, until the President issued Executive Order 14389, following the Supreme Court decision, which terminated the tariffs. *See* Exec. Order No. 14389, *Ending Certain Tariff Actions*, (Feb. 20, 2026), 91 Fed. Reg. 9437 (Feb 25, 2026).

## STATEMENT OF CLAIMS

## COUNT I

## THE CHALLENGED TARIFF ORDERS ARE UNLAWFUL CONSISTENT WITH *V.O.S. SELECTIONS INC.* AND *LEARNING RESOURCES*

42. Plaintiff incorporates paragraphs 1- 41 above by reference.

43. The executive orders challenged in this Complaint are materially identical in structure, authority claimed, and effect to those struck down in *V.O.S. Selections, Inc.* and *Learning Resources*. They purport to impose duties and to modify the HTSUS solely under IEEPA.

44. For the same reasons set forth in *V.O.S. Selections, Inc.* and *Learning Resources,* including that the power to regulate under IEEPA does not include the power to impose a tariff, as well as the additional rationale provided in the United States Supreme Court decision on February 20, 2026, the IEEPA Tariff Orders are unlawful, *void ab initio*, and without effect as applied to Plaintiff.

45. On March 4, 2026, this Court entered an order directing "with respect to any and all unliquidated entries that were entered subject to the IEEPA duties imposed by the Executive Orders considered by the Supreme Court in *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026), U.S. Customs and Border Protection is hereby directed to liquidate those entries without regard to the IEEPA duties." *Atmus Filtration, Inc. v. United States*, Court No. 26-01259, Amended Order, Ct. Int'l Trade (March 5, 2026). It goes on to state "[a]ny liquidated entries for which liquidation is not final shall be reliquidated without regard to those duties." *Id*. This order does not apply to liquidations that have already become "final." *Cf. id*.

46. The CIT subsequently reissued the *Atmus Filtration* order (discussed in the preceding paragraph) in *Euro-Notions Florida, Inc. v. United States*, Court No. 25-00595, on April 7, 2026, after the plaintiff in *Atmus Filtration* voluntarily dismissed its action. *See Euro-Notions Florida, Inc. v. United States*, Court No. 25-00595, ECF No. 12 (Ct. Int'l Trade Apr. 7, 2026); *see also Atmus Filtration, Inc. v. United States*, Court No. 26-01259, ECF No. 53 (Ct. Int'l Trade Apr. 6, 2026). On April 17, 2026, the CIT issued similar orders in *V.O.S. Selections, Inc. v. United States*, Court No. 25-00066, ECF No. 82 (Ct. Int'l Trade Apr. 17, 2026); *Grant & Bowman, Inc. v. United States*, Court No. 25-00689, ECF No. 14 (Ct. Int'l Trade Apr. 17, 2026); and *AGS Company Automotive Solutions v. United States*, Consol. Court No. 25-00255, ECF No. 43 (Ct. Int'l Trade Apr. 17, 2026).

47. On June 2, 2026, the Department of Justice filed notices of appeal to the U.S. Court of Appeals for the Federal Circuit challenging the CIT's refund orders in *Euro-Notions Florida, Inc. v. United States*, Court No. 25-00595; *V.O.S. Selections, Inc. v. United States*, Court No. 25-00066; *Grant & Bowman, Inc. v. United States*, Court No. 25-00689; and *AGS Company Automotive Solutions v. United States*, Consol. Court No. 25-00255. On July 16, 2026, Euro-Notions voluntarily dismissed its action. *See* Notice of Voluntary Dismissal, *Euro-Notions Florida, Inc. v. United States*, Court No. 25-00595, ECF No. 48 (Ct. Int'l Trade July 16, 2026); *see also* Order of Dismissal, ECF No. 51 (Ct. Int'l Trade July 17, 2026). The other three matters are docketed and presently pending before the U.S. Court of Appeals for the Federal Circuit.

48. If the orders in *V.O.S. Selections*, *Grant & Bowman*, and *AGS Company Automotive Solutions* are not ultimately upheld, Plaintiff will require a separate order from this Court directing CBP to refund the IEEPA tariffs paid by Plaintiff.

49. Plaintiff respectfully requests that this Court, consistent with its recent order, *In re Tariffs Collected in Reliance on IEEPA*, No. 26-00219, Order (Ct. Int'l Trade July 17, 2026), and now that there is an unappealable decision from the United States Supreme Court affirming the *V.O.S Selections, Inc.* decision of the Court of Appeals for the Federal Circuit, respectfully, apply that decision (based on the numerous theories of law advanced by the Plaintiffs in those cases and other justifications provided by the U.S. Supreme Court), declare the IEEPA Tariff Orders unlawful as to Plaintiff and order refund of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

**COUNT II**

**WRIT OF MANDAMUS JUDGMENT OR OTHER APPROPRIATE DECLARATORY JUDGMENT, THE COURT SHOULD ORDER CBP TO LIQUIDATE AND/OR RELIQUIDATE AND REFUND THE IEEPA TARIFFS**

50. Plaintiff incorporates paragraphs 1 - 49 above by reference.

51. In a civil action under 28 U.S.C. § 1581, the Court of International Trade can enter a money judgment against the United States and can order any other appropriate civil relief, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition. *See* 28 U.S.C. §§ 2643(a)(1), (c)(1)

52. The CIT's authority under 28 U.S.C. § 2201(a) includes "the authority to order reliquidation in cases involving constitutional challenges to duties under 28 U.S.C. § 1581(i)." *See AGS Co. Automotive Solutions v. U.S. Customs and Border Prot.*, Slip Op. 25-154, at 8 (Ct. Int'l Trade Dec. 15, 2025).

53. Plaintiff's claims present an actual controversy as to the President's authority under IEEPA, and the authority of Defendants to implement and collect the resulting tariffs.

54. This Court held that an injunction against further liquidation of entries on IEEPA tariffs pending the outcome of the final decision in *V.O.S. Selections, Inc.* (at the time of the CIT's decision, *V.O.S. Selections, Inc.,* was still under consideration by the U.S. Supreme Court) was not appropriate because of the Government's assurances that they would reliquidate any interim entries that would otherwise be beyond the statute of limitations imposed in 19 USC § 1514 (noting a protest must be filed within 180 days of the liquidation of an entry). *AGS Company Automotive Solutions v. U.S. Customs and Border Protection*, Consol. Court No. 25-00255, Slip Op. 25-154, at 8 (Ct. Int'l Trade Dec. 15, 2025).

55. Specific assurances by the Government included stipulations such as "even if future entries are liquidated, defendants do not intend to oppose the [c]ourt's authority to order reliquidation…. Such liquidation would result in a refund of all duties determined to be unlawfully assessed, with interest." *Id.* at 4.

56. This was further clarified by the Government's response in *AGS Company Automotive* to the Court's inquiry, where they asserted that their stipulations in that matter would also "apply to **current and future similarly situated plaintiffs**." *AGS Company Automotive Solutions v. U.S. Customs and Border Protection,* Defendants' Response to Court's January 8, 2026 Letter at 2, Consol. Court No. 25-00255, ECF No. 34 (defining "similarly situated" as "those who challenge IEEPA tariffs in a manner and

on grounds that substantially overlap with the IEEPA tariffs case presently before the Supreme Court," regardless of the country of origin) (emphasis added).

57. This Court further ruled in *AGS Company Automotive Solutions* that the Government would be judicially estopped from assuming a contrary position in the future. *AGS Company Automotive Solutions v. U.S. Customs and Border Protection*, Consol. Court No. 25-00255, Slip Op. 25-154, at 8 (Ct. Int'l Trade Dec. 15, 2025).

58. This Court recently reiterated its ability to order CBP to issue refunds for finally liquidated entries. *See In re Tariffs Collected in Reliance on IEEPA*, No. 26-00219, Order at 2–4 (Ct. Int'l Trade July 17, 2026).

59. Plaintiff is an importer of record and has suffered and continues to suffer injury by having been required to pay IEEPA Duties, as a result of the IEEPA Tariff Executive Orders on goods it has imported into the United States.

60. Plaintiff is similarly situated to those noted in *AGS Company Automotive Solutions* in that they challenge IEEPA tariffs in a manner and on the grounds that substantially overlap with the IEEPA tariffs recently decided by the United States Supreme Court.

61. Based on the Trump Administration's unprecedented and unlawful implementation of IEEPA Tariffs, the Plaintiff requests a writ of mandamus or other declaratory relief ordering CBP to reliquidate and refund any IEEPA tariffs paid by the Plaintiff.

62. This Court should exercise its power to enter a writ of mandamus or other declaratory judgment or remedy that the IEEPA Tariff Orders are unlawful or unconstitutional, for any or all of the above reasons, and that Defendants lack authority to

implement and collect the resulting tariffs, as to Plaintiff, and that any liquidations that occurred prior or subsequent to the Supreme Court decision in *VOS Selections, Inc.*, should be reliquidated by the CBP, with a resulting refund of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

a) declare the President lacks authority under IEEPA to set tariffs;

b) declare that the IEEPA Tariff Orders and implementation are *ultra vires* and *void ab initio* with respect to Plaintiff;

c) declare that, with respect to Plaintiff, Defendants lack authority to implement and collect any tariffs set out in the HTSUS that are based on the IEEPA Tariff Orders;

d) Order the United States to refund to Plaintiff the IEEPA duties collected on those entries, with interest as provided by law;

e) Consistent with the *In Re Tariffs Collected in Reliance of International Emergency Economic Powers ACT* (IEEPA), Order issued by Judge Richard K. Eaton (Ct. of Int'l. Trade July 17, 2026), order the CBP (Writ of Mandamus) to reliquidate any transactions that are liquidated by the CBP before or after this Complaint is filed, and refund to the Plaintiff the IEEPA duties collected on those entries, with interest as provided by law;

f) Declare the Court's estoppel order in *AGS Company Automotive Solutions* applies in this case and estops Defendant from objecting to the Court's order to reliquidate customs entries subject to the IEEPA tariffs, without said tariffs;

g) To the extent permitted by law, award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action;

h) grant any such further relief as this Court deems proper.

Dated: October 5, 2026.

Respectfully submitted,

/s/ Anthony C. Gulotta

Gulotta, P.C.
600 Eagleview Blvd.
Suite 300 #0583
Exton, PA 19341
Phone: (717) 571-0204
Fax: (267) 635-2352
Email: tgulotta@gulottapc.com

*Counsel for Plaintiff*